**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
LATANNYA BELL,                 )
                               )
            Plaintiff,         )
                               )  Civil Action No. 11-1804
         v.                    )
                               )
UNITED STATES,                 )
                               )
            Defendant.         )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Plaintiff LaTannya Bell brings this action alleging racial and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against defendant Martha Johnson, Administrator of the U.S. General Services Administration ("GSA").  Pending before the Court is defendant's Motion to Dismiss.  Upon consideration of the Motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS** defendant's Motion.

**I.   BACKGROUND**

Plaintiff, an African-American female, has been employed by defendant at the GSA since 1984.  On January 3, 2008, plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that defendant took a variety of adverse actions against her because of her race, sex, and color.  Pl.'s EEOC Compl., Dkt. No. 6-1.

In a supporting affidavit prepared on March 18, 2008, plaintiff
claimed that she was intimidated, threatened with being placed
on Absent Without Leave status, forced to attend a meeting, and
denied use of sick leave.  Pl.'s Aff. in Supp. of EEOC Compl.,
Dkt. No. 6-1.  On September 8, 2010, EEOC Administrative Judge
McKnight issued judgment for the GSA, concluding that plaintiff
failed to establish a genuine issue that the GSA's actions were
based on a discriminatory motive.  EEOC Order, Dkt. 6-1.

On September 27, 2010, the GSA mailed to plaintiff its
Final Order ("GSA Letter") implementing the EEOC decision.  GSA
Letter, Dkt. 6-1.  The letter notified plaintiff of the relevant
deadlines for filing a civil action:

> [A] civil action may be filed in the appropriate federal
> district court in any of the following situations:
> (a) Within 90 calendar days of receipt of GSA's final
> decision on an individual or class complaint if no appeal
> has been filed with the EEOC;
> (b) After 180 calendar days from the date of filing an
> individual or class complaint if an appeal has not been
> filed with the EEOC or a final decision has not been issued
> by GSA;
> (c) Within 90 calendar days of receipt of the EEOC's
> decision on an appeal;
> (d) After 180 calendar days from the date of filing an
> appeal with the EEOC if a decision has not been issued by
> the EEOC.

*Id.* at 2.  It informed plaintiff that any request for a court-
appointed lawyer "must be made within the above-referenced 90-
day time limit for filing suit."  *Id.*  It also stated that

plaintiff's receipt of the letter would be presumed 5 days after it was sent.  *Id.* at 4.

On March 9, 2011, 158 days after her presumed receipt of the GSA Letter, plaintiff filed a *pro se* complaint in the Court of Federal Claims.  The case was transferred to this Court on October 11, 2011 upon grant of plaintiff's Motion to Transfer.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level."  *Id.*

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).  The Court must construe the complaint liberally in plaintiff's

favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III. ANALYSIS**

**A.  Plaintiff Failed to Comply with the 90-Day Filing Requirement**

Upon receiving the September 27, 2010 GSA Letter informing her of her right to sue, plaintiff had 90 days within which to file a civil action in federal court to challenge the EEOC decision. *See* 42 U.S.C. § 2000e-16(c) (federal employees must file a civil action within 90 days after "receipt of notice of final action."); 29 C.F.R. § 1614.407(a) (civil action must be filed within 90 days of receipt of final action if no appeal has been filed). Courts have strictly construed the 90-day statute of limitations in Title VII cases. *See, e.g.*, *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 173 (D.D.C. 2011) (dismissing action filed 133 days after the statute of limitations had expired); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (dismissing action where it was filed 97 days after plaintiff's receipt of EEOC right-to-sue letter).

4

Where a plaintiff fails to plead the date that she received a letter informing her of her right to sue, the court "must fix a presumptive date of receipt for purposes of determining whether plaintiff complied with the ninety day filing requirement." *Ruiz*, 763 F. Supp. 2d at 171 (citing *Anderson*, 886 F. Supp. at 97).  Courts generally assume that a right-to-sue letter was mailed on the same day it was issued, *see id.*, and that the plaintiff received the letter either three or five business days after it was mailed.  *See id.* (citing cases).  The Court will apply the more generous five-day presumption in this case, in light of the statement in the certificate of service accompanying the GSA Letter that the letter would be presumed to have been received within 5 days after September 27, 2010. Accordingly, plaintiff is presumed to have received the GSA Letter on October 2, 2010.  In this case, it is undisputed that plaintiff filed her complaint on March 9, 2011, 158 days after her presumed receipt of the letter.  Plaintiff's claim is therefore untimely.

## B.   Application of Equitable Tolling Is Unwarranted in this Case

The 90-day time limit for asserting a Title VII claim against the government is non-jurisdictional and subject to equitable tolling.  *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1055-57 (D.C. Cir. 1988).  Courts have exercised the power to

toll the statute of limitations only in "extraordinary and carefully circumscribed instances." *Id.* at 1057.  For example, courts have excused untimely filings (1) "where a claimant has received inadequate notice," (2) "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," (3) "where the court has led the plaintiff to believe that she had done everything required of her," or (4) "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon." *Id.*

However, courts have been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Thus, to invoke the doctrine of equitable tolling, plaintiff's excuse for her untimely filing must be more than "what is at best a garden variety claim of excusable neglect." *Id.*  Plaintiff has the "burden of pleading and proving in the district court 'equitable reasons' for noncompliance" with the statutory deadline. *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) (*quoting Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982).

In this case, plaintiff claims that she believed she had up to 180 days within which to file suit.  Plaintiff points to language in the GSA Letter stating that:

6

> [A] civil action may be filed in the appropriate federal
> district court in any of the following situations:
> (a) <u>Within 90 calendar days</u> of receipt of GSA's final
> decision on an individual or class complaint if no appeal
> has been filed with the EEOC;
> (b) <u>After 180 calendar days</u> from the date of filing an
> individual or class complaint if an appeal has not been
> filed with the EEOC or a final decision has not been issued
> by GSA;
> (c) <u>Within 90 calendar days</u> of receipt of the EEOC's
> decision on an appeal;
> (d) <u>After 180 calendar days</u> from the date of filing an
> appeal with the EEOC if a decision has not been issued by
> the EEOC.

GSA Letter, Dkt. 6-1, at 2.  Plaintiff argues that the language

did not clearly distinguish between the 90-day deadline for

filing suit and the 180-day period after which plaintiff could

file suit.  Pl.'s Opp'n to Def's Mot. to Dismiss at 5.  As a

result, plaintiff claims that she was "lulled ... into waiting

to take action on the later period provided by the notice."  *Id.*

at 6.  Therefore, plaintiff argues, her filing deadline should

be equitably tolled.  *Id.*

Contrary to plaintiff's arguments, however, the notice

clearly stated, in underlined print, that a civil action may be

filed "<u>within</u>" 90 days or "<u>after</u>" 180 days, depending on the

actions taken by plaintiff and GSA regarding the EEOC complaint.

GSA Letter, Dkt. 6-1, at 2.  GSA timely issued its final

decision and plaintiff did not appeal the decision with the

EEOC; therefore, she had 90 days from her receipt of the GSA

Letter to timely file her claim in federal court.  The notice

further emphasizes this deadline in the next paragraph, where it
provides that a request for a court-appointed lawyer "must be
made within the above-referenced 90-day time limit for filing
suit." *Id*.  Thus, plaintiff's argument that the notice was
"convoluted and confusing" is unavailing.

Even assuming that the GSA Letter was unclear, plaintiff
failed to show that she acted with sufficient diligence to
invoke the principles of equitable tolling.  Plaintiff does not
claim that she made any efforts to contact the EEOC or that she
visited the EEOC website to seek clarification regarding the
relevant deadlines.  Because plaintiff failed to demonstrate
that she exercised due diligence in preserving her claim,
plaintiff's justifications for her untimely filing do not rise
to the level required for the doctrine of equitable tolling to
apply.  *See Irwin*, 498 U.S. at 96 (affirming dismissal of Title
VII case for failure to timely file complaint and declining to
extend the doctrine of equitable tolling to "a garden variety
claim of excusable neglect"); *Miller v. Rosenker*, 567 F. Supp.
2d 158, 161-162 (D.D.C. 2008) (denying extension of equitable
tolling to plaintiff who failed to demonstrate that his "delay
in filing was anything more than the result of neglect and lack
of due diligence").

Accordingly, in the absence of any recognized basis for the application of equitable tolling, the Court grants defendant's motion to dismiss plaintiff's untimely action.

## IV.    CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss plaintiff's complaint is hereby **GRANTED**.   An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED**.

**Signed:**     **Emmet G. Sullivan**
           **United States District Judge**
           **July 27, 2012**